John J. Curran, S.
The administrator with the will annexed applies for a construction of the will of this decedent. The question presented is whether a certain leasehold interest of the decedent in premises known as Apartment 65 on the sixth floor of an apartment building at No. 435 Convent Avenue in New York City, was left by decedent’s will to her husband, Nathaniel H. Lee.
The will is a masterpiece of confusion. The language pertinent to this issue is the following:
‘ ‘ third : I hereby bequeath and give to my husband, Nathaniel m. lee, all of my estate consisting of both real and personal property except the furniture and fixtures in my present apartment and the real and personal property on my farm located at Schodack Landing, Columbia County, New York State.
‘ ‘ fourth : With respect to the apartment and furniture therein contained, said Nathaniel h. lee shall have the right to live there and make use of said personal property in any manner he so desires. Regarding the farm at Schodack Landing, New York State the said Nathaniel h. lee shall have the right to live there as long as he desires and the said parcel of property shall not be sold or transferred until after the death of Nathaniel h. lee, and upon his death the title to all the remaining furniture and fixtures of my present apartment and the real and personal property located at the farm at Schodack Landing, New York State is to be bequeathed to my four cousins in equal shares, each to share and share alike and upon the death of any of *1056 them the share of said deceased cousin shall be divided among the remaining surviving cousins. The names and addresses of each of them are as follows: ’
It appears that by paragraph third the testatrix disposed of her residuary estate reserving only the furniture and fixtures in the apartment and the farm at Schodack Landing and the personal property thereon.
By paragraph fourth she apparently intended to dispose of that property which was excepted from the residuary gift to her husband. However, in paragraph fourth she mentions the apartment and furniture, indicating that her husband shall “have the right to live there and make use of said personal property in any manner he so desires.” Does this language cut down the gift to the husband made by paragraph third?
It may be contended that by this language the testatrix made the interest of the husband in the apartment something less than an absolute gift. On the other hand, it may be argued forcefully that this language is not sufficiently unequivocal to put a limitation upon what appears to have been an absolute gift bestowed by paragraph third.
Assuming, however, that the language of paragraph fourth limited the interest of the husband in the apartment to a life estate or some such qualified interest, the remainder interest certainly was not disposed of by the subsequent language of paragraph fourth in favor of the four cousins of the testatrix. Nowhere in the language creating the gift to them is the interest of the testatrix in the apartment mentioned. Since this was not disposed of in favor of the cousins by the language of paragraph fourth, it is part of the residuary estate or it passed as intestate property.
Having in mind the strong presumption against intestacy and finding the contention that the first sentence of paragraph fourth puts a limit on the husband’s interest in the apartment not very persuasive, this court holds that the leasehold interest of decedent in the apartment passed as part of decedent’s residuary estate to her husband, Nathaniel H. Lee.